## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

———————————————————————— X
                         :

HIKMA PHARMACEUTICALS USA INC. and :
HIKMA PHARMACEUTICALS LLC,      :
                         :  Civil Action No.: _____

          Plaintiffs,       :
                         :

      v.             :
                         :
                         :

MICRO LABS LTD. and MICRO LABS  :
INC.                          :
                         :
         Defendants.     :
———————————————————————— X

## COMPLAINT

Plaintiffs Hikma Pharmaceuticals USA Inc. and Hikma Pharmaceuticals LLC (together, "Hikma" or "Plaintiffs"), by and through their attorneys, for their Complaint against Defendants Micro Labs Ltd. and Micro Labs USA Inc. (together, "Micro Labs" or "Defendants") hereby allege as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, the Hatch-Waxman Act, 35 U.S.C. § 271(e)(2), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.    This action arises from Micro Labs' filing of an Abbreviated New Drug Application ("ANDA") with the U.S. Food and Drug Administration ("FDA") seeking approval to commercially market a generic version of Hikma's Mitigare® (colchicine) 0.6 mg capsule, before the expiration of U.S. Patent Nos. 8,927,607 (the "'607 patent," attached as Exhibit A), 9,399,036 (the "'036 patent," attached as Exhibit B), 9,555,029 (the "'029 patent," attached as Exhibit C),

9,675,613 (the "'613 patent," attached as Exhibit D), and 9,789,108 (the "'108 patent," attached as Exhibit E) (collectively, the "patents-in-suit") throughout the United States, including in Delaware.

## PARTIES

3.      Plaintiff Hikma Pharmaceuticals USA Inc. is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 246 Industrial Way West, Eatontown, New Jersey 07724-2206.

4.      Plaintiff Hikma Pharmaceuticals LLC is a company organized and existing under the laws of Jordan, having a principal place of business in Bayader Wadi Seer, P.O. Box 182400, Amman 11118, Jordan.  Hikma Pharmaceuticals USA Inc. is the authorized U.S. agent for Hikma Pharmaceuticals LLC.

5.      On information and belief, Defendant Micro Labs Ltd. is a company organized and existing under the laws of India, and has a principal place of business at 27, Race Course Road, Bangalore-560 001, India.

6.      On information and belief, Defendant Micro Labs USA, Inc. is a New Jersey corporation having a place of business at 106 Allen Rd., Suite 102, Basking Ridge, New Jersey 07920.  On information and belief, Micro Labs USA, Inc. is a wholly-owned subsidiary of Micro Labs Ltd., and is controlled and directed by Defendant Micro Labs Ltd.  On information and belief, Micro Labs USA, Inc., is the authorized U.S. agent for Micro Labs Ltd.

## JURISDICTION AND VENUE

7.      Hikma seeks to enforce its federal patent rights under Title 35, United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

8.      This Court has personal jurisdiction over Micro Labs Ltd. and Micro Labs USA Inc. by virtue of their actions in filing ANDA No. 212880 ("Micro Labs' ANDA") for the purpose of engaging in injury-causing and wrongful marketing conduct in Delaware.  *See Acorda Therapeutics, Inc. v. Mylan Pharms., Inc.*, 817 F.3d 755, 759-60 (Fed. Cir. 2016).

9.      On information and belief, Micro Labs Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the State of Delaware, through its own actions and through the actions of its agents, affiliates, and/or subsidiaries, including Micro Labs USA, Inc., from which Micro Labs Ltd. derives a substantial portion of its revenues.

10.     On information and belief, Micro Labs USA Inc. is in the business of, among other things, distributing, selling, and marketing generic drugs throughout the United States, including within the State of Delaware, through its own actions and through the actions of its agents, affiliates, and/or subsidiaries from which Micro Labs USA Inc. derives a substantial portion of its revenues.

11.     On information and belief, Micro Labs Ltd. and Micro Labs USA Inc. submitted Micro Labs' ANDA to the FDA for approval of Micro Labs' colchicine capsule 0.6 mg ("Micro Labs' ANDA Product"), a drug product that is a proposed generic version of Mitigare® (colchicine).  On information and belief, Micro Labs Ltd. and Micro Labs USA Inc., through the submission of Micro Labs' ANDA, intend to commercially manufacture, use, import, market, offer for sale, and/or sell Micro Labs' ANDA Product throughout the United States, including in Delaware and this District, in the event FDA approves Micro Labs' ANDA.  On information and belief, Micro Labs Ltd. and Micro Labs USA Inc. intend to derive benefit, including substantial

revenue, from the commercial manufacture, use, import, market, offer for sale, and/or sale of Micro Labs' ANDA Product throughout the United States, including in Delaware and this District.

12.     Alternatively, this Court has jurisdiction over Micro Labs Ltd. under Federal Rule of Civil Procedure 4(k)(2)(A) because: (a) Hikma's claims arise under federal law; (b) Micro Labs Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Micro Labs Ltd. has sufficient contacts with the United States as a whole, not least through its development of generic drugs for sale in the United States, such that this Court's exercise of jurisdiction over Micro Labs Ltd. satisfies due process.

13.     Micro Labs Ltd. and Micro Labs USA Inc., through their counsel, by email dated May 7, 2019, have consented to personal jurisdiction in the District of Delaware for the purposes of this action alone.

14.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and/or 1400(b).   On information and belief, Micro Labs Ltd. and Micro Labs USA Inc. have committed an act of infringement by filing Micro Labs' ANDA and will commit further acts of infringement by the commercial manufacture, use, import, market, offer for sale, and/or sale of Micro Labs' ANDA Product throughout the United States, including in Delaware and this District.  On information and belief, Micro Labs Ltd. is a foreign company that may be sued in any judicial district in the United States, in which it is subject to the court's personal jurisdiction.

15.     Micro Labs Ltd. and Micro Labs USA Inc., through their counsel, by email dated May 7, 2019, have consented to venue in the District of Delaware for the purposes of this action alone.

## THE FDA MARKETING APPROVAL PROCESS

16.     The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq*., as amended by the Hatch-Waxman Amendments, sets forth the rules that the FDA follows when considering the approval of applications for both brand-name and generic drugs.

17.     Under the Hatch-Waxman Amendments, an applicant seeking to market a new brand-name drug must prepare a New Drug Application ("NDA") for consideration by the FDA. *See* 21 U.S.C. § 355.  Alternatively, an applicant can use the 505(b)(2) "paper NDA" process for new drugs that are similar but not identical to existing ones.  This process permits the applicant to rely on existing studies for a previously approved drug of the applicant's choosing while supplementing the application with new studies and data to support a safety and effectiveness determination.  *Id*. § 355(b)(2).

18.     An NDA or a paper NDA must include, among other things, the patent number of any patent that claims the drug or a method of using such drug, for which the applicant submitted the NDA and for which a claim of patent infringement could reasonably be asserted against an unauthorized party.  *See* 21 U.S.C. §§ 355(b)(1) and (c)(2); 21 C.F.R. §§ 314.53(b) and (c)(2).

19.     Upon approval of the NDA, the FDA publishes patent information for the approved drug in its publication, Approved Drug Products with Therapeutic Equivalence Evaluation ("Orange Book").  *See* 21 U.S.C. § 355(j)(7)(A)(iii).

20.     A pharmaceutical company may seek to market a generic version of the innovator's brand drug by submitting an ANDA under 21 U.S.C. § 355(j).  The generic company may then rely on the studies the innovator includes in its NDA.

## THE PATENTS-IN-SUIT

21.     The United States Patent & Trademark Office ("USPTO") duly and legally issued the '607, '036, '029, '613, and '108 patents, all titled "Methods of colchicine administration," on January 6, 2015; July 26, 2016; January 31, 2017; June 13, 2017; and October 17, 2017, respectively.  The patents list Murray Ducharme as an inventor.

22.     Colchicine has been used to treat gout for centuries.  However, the margin of safety for colchicine doses is narrow, posing a special risk from drug-drug interactions that have the effect of increasing colchicine concentrations in the blood by slowing its metabolism or other elimination.  Prior to the filing of the patents-in-suit, physicians were encouraged to reduce the dose of colchicine, particularly when co-administered with a CYP3A4 or P-gp inhibitor, to minimize the risk of toxicity, even though this reduction might lower the dose beyond a therapeutically effective amount.  For example, a leading clinical study on coadministration of CYP3A4 inhibitors with colchicine recommends colchicine's dosage be lowered to less than the standard dose (i.e., lower than the dose used when no inhibitor is coadministered) by about 33-75%, and further recommends that administration at the low dosage should be only one half or one third as often as the standard frequency, all to be determined as a function of the strength of the inhibition.

23.     Whereas the prior art teaches that reductions in colchicine dosing are needed whenever a CYP3A4 inhibitor or P-gp substrate are co-administered with colchicine, the named inventor of the patents-in-suit discovered that several drugs that inhibit only one of CYP3A4 and P-gp but not the other can be coadministered with colchicine without any colchicine dosing reduction.  The patents-in-suit claim novel and nonobvious methods for administering colchicine

without a need for a reduction in dosage of colchicine while co-administered with any of voriconazole, fluconazole, cimetidine, or propafenone.

24.     Hikma Pharmaceuticals LLC lawfully owns all right, title, and interest in the '607, '036, '029, '613, and '108 patents, including the right to sue and to recover for past infringement.

### THE MITIGARE® PRODUCT

25.     Plaintiffs sell Mitigare® (colchicine) in the United States pursuant to a New Drug Application ("NDA") No. 204820 that has been approved by the FDA.

26.     Mitigare® is a colchicine 0.6 mg capsule indicated for the prophylaxis of gout flares in adults.  The prescribing information for Mitigare® reflects that "four pharmacokinetic studies evaluated the effects of co-administration of voriconazole (200 mg BID), fluconazole (200 mg QD), cimetidine (800 mg BID), and propafenone (225 mg BID) on systemic levels of colchicine. Colchicine can be administered with these drugs at the tested doses without a need for dose adjustment."  The prescribing information for Mitigare® specifically encourages physicians to use full colchicine doses for the prophylaxis of gout flares in adults, when colchicine is co-administered with any of voriconazole (200 mg BID), fluconazole (200 mg QD), cimetidine (800 mg BID), and propafenone (225 mg BID).  Following the commercial sale of Mitigare® in the United States, physicians have been prescribing full colchicine doses for the prophylaxis of gout flares in adults, when colchicine is co-administered with any of voriconazole (200 mg BID), fluconazole (200 mg QD), cimetidine (800 mg BID), and propafenone (225 mg BID).

27.     In accordance with 21 U.S.C. § 355(b)(1), the '607, '036, '029, '613, and '108 patents are listed in the Orange Book in connection with NDA No. 204820 as patents "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug" Mitigare®.

## MICRO LABS' ANDA SUBMISSION

28.     By letter dated March 27, 2019 ("Micro Labs' Notice Letter"), Micro Labs notified Plaintiffs that it had submitted to the FDA ANDA No. 212880 for Micro Labs' colchicine capsule 0.6 mg, a drug product that is a generic version of Mitigare® (colchicine).

29.     On information and belief, the purpose of filing Micro Labs' ANDA was to obtain marketing approval from the FDA to engage in the commercial manufacture, use, and/or sale of Micro Labs' ANDA Product in the United States prior to the expiration of the '607, '036, '029, '613, and '108 patents.

30.     In its Notice Letter, Micro Labs notified Plaintiffs that, as part of its ANDA, Micro Labs included a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certification") that, in its opinion and to the best of its knowledge, the '607, '036, '029, '613, and '108 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, and/or sale of Micro Labs' ANDA Product.

31.     The use of Micro Labs' ANDA Product is covered by one or more claims of the '607, '036, '029, '613, and '108 patents.

32.     Micro Labs had knowledge of the '607, '036, '029, '613, and '108 patents when it submitted Micro Labs' ANDA.

33.     On information and belief, if Micro Labs' ANDA is approved by the FDA, through the commercial marketing and sale of Micro Labs' ANDA Product, Micro Labs would induce and encourage patients and healthcare providers to practice the claimed method covered by one or more claims of the '607, '036, '029, '613, and '108 patents.

34.     On information and belief, if Micro Labs' ANDA is approved by the FDA, Micro Labs would market and sell Micro Labs' ANDA Product with the specific intent to induce and

encourage patients and healthcare providers to practice the claimed method covered by one or more claims of the '607, '036, '029, '613, and '108 patents.

35.     This action was commenced before the expiration of forty-five days from the date Plaintiffs received Micro Labs' Notice Letter, which Plaintiffs received on or about March 27, 2019.

## COUNT 1: INFRINGEMENT OF THE '607 PATENT

36.     Paragraphs 1 to 35 are incorporated as if fully set forth herein.

37.     The use of Micro Labs' ANDA Product, according to the instructions provided in Micro Labs' proposed prescribing information, is covered by one or more claims of the '607 patent.

38.     The submission of Micro Labs' ANDA No. 212880 with a Paragraph IV certification regarding the '607 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Micro Labs' ANDA Product before the expiration of the '607 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more of the claims of the '607 patent under 35 U.S.C. § 271(e)(2).

39.     The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Micro Labs' ANDA Product before the expiration of the '607 patent would infringe, either literally or under the doctrine of equivalents, one or more claims of the '607 patent under 35 U.S.C. § 271.

40.     Unless enjoined by this Court, Micro Labs intends to, and will, engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Micro Labs' ANDA Product immediately and imminently upon approval of Micro Labs' ANDA.

41.     Unless enjoined by this Court, Micro Labs intends to, and will, actively induce infringement of the '607 patent, immediately and imminently upon approval of Micro Labs' ANDA.

42.     The foregoing actions by Micro Labs prior to the expiration of the '607 patent constitute and/or will constitute infringement, active inducement of infringement, and/or contribution to the infringement by others, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b) or (c).

43.     Unless Micro Labs is enjoined from infringing the '607 patent, actively inducing infringement of the '607 patent, and/or contributing to the infringement of the '607 patent, Hikma will suffer irreparable injury for which Hikma has no adequate remedy at law.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Fed. R. Civ. P. 65, a preliminary and permanent injunction should be entered preventing further infringement.

44.     Hikma is entitled to relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Micro Labs' ANDA No. 212880 to be a date which is not earlier than the date on which the '607 patent expires or any later expiration of exclusivity to which Hikma is or becomes entitled.

### COUNT 2: INFRINGEMENT OF THE '036 PATENT

45.     Paragraphs 1 to 44 are incorporated as if fully set forth herein.

46.     The use of Micro Labs' ANDA Product, according to the instructions provided in Micro Labs' proposed prescribing information, is covered by one or more claims of the '036 patent.

47.     The submission of Micro Labs' ANDA No. 212880 with a Paragraph IV certification regarding the '036 patent for the purpose of obtaining approval to engage in the

commercial manufacture, use, and/or sale of Micro Labs' ANDA Product before the expiration of the '036 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more of the claims of the '036 patent under 35 U.S.C. § 271(e)(2).

48.      The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Micro Labs' ANDA Product before the expiration of the '036 patent would infringe, either literally or under the doctrine of equivalents, one or more claims of the '036 patent under 35 U.S.C. § 271.

49.      Unless enjoined by this Court, Micro Labs intends to, and will, engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Micro Labs' ANDA Product immediately and imminently upon approval of Micro Labs' ANDA.

50.      Unless enjoined by this Court, Micro Labs intends to, and will, actively induce infringement of the '036 patent, immediately and imminently upon approval of Micro Labs' ANDA.

51.      The foregoing actions by Micro Labs prior to the expiration of the '036 patent constitute and/or will constitute infringement, active inducement of infringement, and/or contribution to the infringement by others, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b) or (c).

52.      Unless Micro Labs is enjoined from infringing the '036 patent, actively inducing infringement of the '036 patent, and/or contributing to the infringement of the '036 patent, Hikma will suffer irreparable injury for which Hikma has no adequate remedy at law.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Fed. R. Civ. P. 65, a preliminary and permanent injunction should be entered preventing further infringement.

53.     Hikma is entitled to relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Micro Labs' ANDA No. 212880 to be a date which is not earlier than the date on which the '036 patent expires or any later expiration of exclusivity to which Hikma is or becomes entitled.

## COUNT 3: INFRINGEMENT OF THE '029 PATENT

54.     Paragraphs 1 to 53 are incorporated as if fully set forth herein.

55.     The use of Micro Labs' ANDA Product, according to the instructions provided in Micro Labs' proposed prescribing information, is covered by one or more claims of the '029 patent.

56.     The submission of Micro Labs' ANDA No. 212880 with a Paragraph IV certification regarding the '029 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Micro Labs' ANDA Product before the expiration of the '029 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more of the claims of the '029 patent under 35 U.S.C. § 271(e)(2).

57.     The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Micro Labs' ANDA Product before the expiration of the '029 patent would infringe, either literally or under the doctrine of equivalents, one or more claims of the '029 patent under 35 U.S.C. § 271.

58.     Unless enjoined by this Court, Micro Labs intends to, and will, engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Micro Labs' ANDA Product immediately and imminently upon approval of Micro Labs' ANDA.

59.     Unless enjoined by this Court, Micro Labs intends to, and will, actively induce infringement of the '029 patent, immediately and imminently upon approval of Micro Labs' ANDA.

60.     The foregoing actions by Micro Labs prior to the expiration of the '029 patent constitute and/or will constitute infringement, active inducement of infringement, and/or contribution to the infringement by others, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b) or (c).

61.     Unless Micro Labs is enjoined from infringing the '029 patent, actively inducing infringement of the '029 patent, and/or contributing to the infringement of the '029 patent, Hikma will suffer irreparable injury for which Hikma has no adequate remedy at law.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Fed. R. Civ. P. 65, a preliminary and permanent injunction should be entered preventing further infringement.

62.     Hikma is entitled to relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Micro Labs' ANDA No. 212880 to be a date which is not earlier than the date on which the '029 patent expires or any later expiration of exclusivity to which Hikma is or becomes entitled.

## COUNT 4: INFRINGEMENT OF THE '613 PATENT

63.     Paragraphs 1 to 62 are incorporated as if fully set forth herein.

64.     The use of Micro Labs' ANDA Product, according to the instructions provided in Micro Labs' proposed prescribing information, is covered by one or more claims of the '613 patent.

65.     The submission of Micro Labs' ANDA No. 212880 with a Paragraph IV certification regarding the '613 patent for the purpose of obtaining approval to engage in the

commercial manufacture, use, and/or sale of Micro Labs' ANDA Product before the expiration of the '613 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more of the claims of the '613 patent under 35 U.S.C. § 271(e)(2).

66.     The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Micro Labs' ANDA Product before the expiration of the '613 patent would infringe, either literally or under the doctrine of equivalents, one or more claims of the '613 patent under 35 U.S.C. § 271.

67.     Unless enjoined by this Court, Micro Labs intends to, and will, engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Micro Labs' ANDA Product immediately and imminently upon approval of Micro Labs' ANDA.

68.     Unless enjoined by this Court, Micro Labs intends to, and will, actively induce infringement of the '613 patent, immediately and imminently upon approval of Micro Labs' ANDA.

69.     The foregoing actions by Micro Labs prior to the expiration of the '613 patent constitute and/or will constitute infringement, active inducement of infringement, and/or contribution to the infringement by others, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b) or (c).

70.     Unless Micro Labs is enjoined from infringing the '613 patent, actively inducing infringement of the '613 patent, and/or contributing to the infringement of the '613 patent, Hikma will suffer irreparable injury for which Hikma has no adequate remedy at law. Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Fed. R. Civ. P. 65, a preliminary and permanent injunction should be entered preventing further infringement.

71.     Hikma is entitled to relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Micro Labs' ANDA No. 212880 to be a date which is not earlier than the date on which the '613 patent expires or any later expiration of exclusivity to which Hikma is or becomes entitled.

## COUNT 5: INFRINGEMENT OF THE '108 PATENT

72.     Paragraphs 1 to 71 are incorporated as if fully set forth herein.

73.     The use of Micro Labs' ANDA Product, according to the instructions provided in Micro Labs' proposed prescribing information, is covered by one or more claims of the '108 patent.

74.     The submission of Micro Labs' ANDA No. 212880 with a Paragraph IV certification regarding the '108 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, and/or sale of Micro Labs' ANDA Product before the expiration of the '108 patent constitutes infringement, either literally or under the doctrine of equivalents, of one or more of the claims of the '108 patent under 35 U.S.C. § 271(e)(2).

75.     The commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Micro Labs' ANDA Product before the expiration of the '108 patent would infringe, either literally or under the doctrine of equivalents, one or more claims of the '108 patent under 35 U.S.C. § 271.

76.     Unless enjoined by this Court, Micro Labs intends to, and will, engage in the commercial manufacture, use, offer for sale, sale, marketing, distributing, and/or importation of Micro Labs' ANDA Product immediately and imminently upon approval of Micro Labs' ANDA.

77.     Unless enjoined by this Court, Micro Labs intends to, and will, actively induce infringement of the '108 patent, immediately and imminently upon approval of Micro Labs' ANDA.

78.     The foregoing actions by Micro Labs prior to the expiration of the '108 patent constitute and/or will constitute infringement, active inducement of infringement, and/or contribution to the infringement by others, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b) or (c).

79.     Unless Micro Labs is enjoined from infringing the '108 patent, actively inducing infringement of the '108 patent, and/or contributing to the infringement of the '108 patent, Hikma will suffer irreparable injury for which Hikma has no adequate remedy at law.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Fed. R. Civ. P. 65, a preliminary and permanent injunction should be entered preventing further infringement.

80.     Hikma is entitled to relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Micro Labs' ANDA No. 212880 to be a date which is not earlier than the date on which the '108 patent expires or any later expiration of exclusivity to which Hikma is or becomes entitled.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request the following relief:

a.      Judgment in favor of Plaintiffs and against Defendants;

b.      Judgment that the '607, '036, '029, '613, and '108 patents are valid and enforceable;

c.      Judgment that Micro Labs has infringed, literally and/or by the doctrine of equivalents, one or more claims of the '607, '036, '029, '613, and '108 patents by

-16-

submitting ANDA No. 212880, and that the commercial manufacture, use, sale, offer for sale, marketing, distribution, or importation of Micro Labs' ANDA Product in the United States will constitute infringement, contributory infringement, or actively induced infringement of the '607, '036, '029, '613, and '108 patents;

d.   Judgment, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 212880 relating to Micro Labs' ANDA Product shall be not earlier than the date of expiration of the '607, '036, '029, '613, and '108 patents, or any later date of exclusivity to which Hikma is or becomes entitled;

e.   A preliminary and permanent injunction, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Fed. R. Civ. P. 65, restraining and enjoining Micro Labs and its officers, partners, agents, attorneys, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities, and all other persons acting in privity or concert with it, and their successors and assigns, from engaging in the commercial manufacture, use, offer to sell, sale, marketing, distribution, or importation within the United States Micro Labs' ANDA Product, and any product that is similar to or only colorably different from that product, and from infringing, contributorily infringing, or inducing others to infringe the '607, '036, '029, '613, and '108 patents, before the expiration of the '607, '036, '029, '613, and '108 patents or any later date of exclusivity to which Hikma is or becomes entitled;

f.   Damages or other monetary relief, including pre-judgment and post-judgment interest, to the extent that Micro Labs engages in the commercial manufacture, use, offer to sell, sale, marketing, distribution, or importation within the United States

Micro Labs' ANDA Product, or any product that infringes the '607, '036, '029, '613, and '108 patents, or contributes to or actively induces infringement of the '607, '036, '029, '613, and '108 patents, before the expiration of the '607, '036, '029, '613, and '108 patents or any later date of exclusivity to which Hikma is or becomes entitled;

g.      A declaration that this is an exceptional case and an award of reasonable attorney's fees and expenses to Plaintiffs pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

h.      Plaintiffs' reasonable costs and expenses incurred in bringing and prosecuting this action; and

i.      Such other and further relief as the Court deems just and appropriate.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (# 3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Plaintiffs Hikma Pharmaceuticals*
*USA Inc. and Hikma Pharmaceuticals LLC*

OF COUNSEL:

Charles B. Klein
Kayla A. Toney
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006
(202) 282-5000
cklein@winston.com
ktoney@winston.com

Dan H. Hoang
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
(312) 558-5600
dhoang@winston.com

Dated:  May 10, 2019